CLEM B. ACHENBACH ET AL. V. JOHN M. POLLOCK.

FILED APRIL 2, 1902. No. 10,506.

1. **Reversal of Judgment:** MOTION FOR NEW TRIAL. A judgment will not be reversed for errors which are required to be assigned on a motion for a new trial, unless it is alleged in the petition in error and shown by the record that the court erred in overruling such motion.

2. **Verdict.** Verdict examined, and *held* sufficient to support the judgment rendered thereon.

ERROR from the district court for Lancaster county. Tried below before HALL, J. *Affirmed.*

*Billingsley & Greene,* for plaintiffs in error.

*Kirkpatrick & Hager, contra.*

ALBERT, C.

This is an action in replevin. There was a trial to a jury, which resulted in a verdict for the plaintiff. From a judgment rendered thereon, the defendants prosecute error to this court.

All assignments of error, save one, which will be noted presently, are predicated on the rulings of the trial court, which are required to be brought, and which were thus brought, to its attention by motion for a new trial. The ruling of the court on that motion is not complained of in the petition in error. Such being the case, the question arises whether the failure to assign error on the ruling of the court on the motion for a new trial precludes an examination of such errors here. This court has twice passed on that question. In *Chicago, B. & Q. R. Co. v. Cass County*, 51 Nebr., 369, in an opinion by RAGAN, C., it was held that such errors would be reviewed, notwithstanding such omission. No authorities are cited in support of that opinion. In *James v. Higginbotham*, 60 Nebr., 203, in an opinion by SULLIVAN, J., a contrary conclusion was reached. So the question is still an open one in this state. In our opinion, the latter case states the correct rule, and is fully sustained by the authorities there cited. The defendants are here seeking to reverse the judgment of the trial court. It is but fair to assume that they are satisfied with every ruling of which they make no complaint. They make no complaint of the ruling on the motion for a new trial. In other words, they are satisfied with that ruling. If they are satisfied with that ruling, then they must be held to have waived every error assignable in such motion. *Lowrie v. France*, 7 Nebr., 191; *Murray v. School District*, 11 Nebr., 436.

It may be suggested that the assignment that the court erred in overruling the motion for a new trial is covered by an assignment in detail of the rulings complained of in such motion. With equal truth could it be said that, having taken an exception to each of such rulings, an excep-

tion to the ruling on the motion for a new trial is super-
fluous.    But this court has held otherwise, in the two
cases last cited.    Both suggestions are based on the as-
sumption that, if any of the rulings complained of in the
motion were erroneous, it necessarily follows that an order
overruling such motion is also erroneous.    That this is
not true, is obvious.    The motion may have been filed out
of time.    Errors in the progress of the trial may have been
subsequently waived.    There may have been an improper
joinder of parties to the motion, or other reasons to jus-
tify the court in overruling it.    If so, whatever the in-
trinsic merits of the motion, none of the rulings therein
complained of can be successfully urged in this court as
grounds for reversal.    Hence, were every ruling, which is
required to be brought to the attention of the trial court
by motion for a new trial, assigned in the petition to this
court, yet, in the absence of complaint of the ruling on
such motion, the presumption of regularity in the proceed-
ings of the trial court is not negatived.    To our minds it
is clear that a failure to complain in the petition in error
of the ruling on the motion for a new trial precludes an
examination of the rulings made by the trial court during
the progress of the trial.    That such assignment is rarely
omitted clearly indicates that the profession regards it
as essential.

This leaves us but one question to determine, and that
is whether in this case the verdict is sufficient to support
the judgment.    The verdict is as follows:

"The jury duly impaneled and sworn in the above en-
titled cause do find that at the time of the commencement
of this action the right of possession of the property in
controversy herein was in the plaintiff, and we assess the
damages sustained by the plaintiff by reason of the wrong-
ful detention of said property by the defendants at the
sum of four hundred and twenty-five dollars."

The judgment rendered on the foregoing verdict is as
follows:

"It is therefore considered and adjudged by the court

\* \* \* that the said plaintiff John M. Pollock do have and recover of and from the said defendants Clem B. Achenbach and the Nebraska School Supply Company, the sum of $425 damages as assessed by the jury, with interest thereon at the rate of seven per cent. per annum, from this date until paid, together with costs of this action taxed at $145.83."

Considered apart from the other errors assigned, as we are compelled to consider it, for the reasons hereinbefore stated, there is nothing in the verdict of which the defendants should be heard to complain, in view of the record. There are other findings which the plaintiff might have insisted on, but such omissions, if they exist, are to the advantage, instead of the detriment, of the defendants. So far as the jury speak by their verdict, they find the right of possession in the plaintiff, and the amount of damages he sustained by reason of the wrongful detention of the property. That finding is amply sufficient to support the judgment in this case. But the defendants insist that there is no law under the statutes of Nebraska providing for any other judgment than one for the defendants. This contention is based on the peculiar wording of section 192 of the Code of Civil Procedure, which is as follows: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find for the plaintiff, on an issue joined, or on inquiry of damages upon a judgment by default, they shall assess adequate damages to the plaintiff for the illegal detention of the property; for which, with costs of suit, the court shall render judgment for defendant." It will be observed that the last word, "defendant," was evidently intended for "plaintiff," and it has been so held in *Blue Valley Bank v. Bane*, 20 Nebr., 294, 300. But it is urged that said section, and the one immediately following it, in so far as they authorize any other judgment than one for the defendants in the court below, is in contravention to section 11 of article 3 of the constitution, and therefore void. It is not necessary to go into the constitutionality of these sections at this late

day. Under our system of jurisprudence, if there were no statute whatever on the subject, the finding of the jury in this case would be amply sufficient to warrant the judg-ment of the trial court.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.